**FILED**
JUL 16 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Geoffrey Sinckler,              :
    Plaintiff,                  :
                                :
v.                              :  Civil Action No. **09 1313**
                                :
Federal Communication Commission, :
    Defendant.                  :

## MEMORANDUM OPINION

The plaintiff has filed an application to proceed in forma pauperis and a pro se complaint. The Court will grant the application and will sua sponte dismiss the complaint without prejudice for lack of subject matter jurisdiction.

The brief, one-paragraph, complaint asserts that the recent Congressionally-mandated switch from analogue to digital television signals violates the plaintiff's speech rights under the First Amendment because the switch "has left many Americans without a way or means to receive [the plaintiff's] message." Compl. at 1. The complaint alleges that these people, "who through . . . purchasing a television set have shown their desire to receive [the plaintiff's] message and the message of other citizens like [the plaintiff]" are subject to a de facto "form a censorship between those who can afford to receive [the digital signal] and those who cannot." *Id.* The complaint describes the plaintiff's First Amendment right as a right to broadcast his message "[n]ot just to those citizens who can afford the FCC's expensive switch to digital, but [to] all citizens." *Id.* The complaint also alleges that while the Federal Communication Commission ("FCC") is forbidden to do so, it is nonetheless charging citizens through the sale of

equipment. *Id.* As relief, the complaint seeks an order requiring the FCC to reinstate the analogue signal. *Id.* Asserting that "the actions of the FCC has infringed upon all of our freedoms," the plaintiff "is simply asking the court to give Americans, back, their constitutional rights to 'Free' airwaves as well as their right to choose." *Id.* The complaint does not indicate whether the plaintiff's message is opinion or commercial, and it does not allege that the plaintiff is unable to communicate his message via the digital television signal.

A federal court is limited by the Constitution to considering matters that present an actual case or controversy. U.S. Const. art. III, § 2. Standing is one of the justiciability doctrines that has developed to give meaning to Article III's case or controversy requirement. *Nat'l Treas. Employees Union v. United States,* 101 F.3d 1423, 1427 (D.C. Cir. 1996). Article III standing is comprised of three elements. First, standing requires a plaintiff to have suffered an injury in fact, which is an invasion of a legally protected interest that is both concrete and particularized and actual or imminent rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). "The complainant must allege an injury to *himself* that is distinct and palpable." *Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990) (internal quotations marks and citation omitted; emphasis added). Second, standing requires that "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife,* 504 U.S. at 560 (internal quotation marks and alterations omitted). Third, for a plaintiff to have standing, it "must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted). "[W]hen the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish." *Id.* at 562 (internal quotation marks omitted).

Here, the plaintiff has not alleged facts showing that it is plausible that he has suffered a concrete and particularized actual injury in fact. Rather, he has merely speculated that his message is not reaching some unstated number of people that he presumes it would have reached if the analogue signal had not been discontinued. In addition, the complaint does not allege facts showing that it is likely that granting the relief requested will address any injury in fact. Because the plaintiff has not established two of the three elements of Article III standing, and because standing is a matter of subject matter jurisdiction, the Court concludes that this action must be dismissed without prejudice for lack of jurisdiction.

A separate order accompanies this memorandum opinion.

Date: 7/9/09

United States District Judge